```
 1  DEBRA WONG YANG
    United States Attorney
 2  THOMAS P. O'BRIEN
    Assistant United States Attorney
 3  Chief, Criminal Division
    BONNIE L. HOBBS (208525)
 4  Assistant United States Attorney
         1500 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California  90012
 6       Telephone: (213) 894-4447
         Facsimile: (213) 894-3713
 7       E-mail: bonnie.hobbs@usdoj.gov

 8  Attorneys for Plaintiff
    United States of America
```

FILED
CLERK, U.S. DISTRICT COURT
NOV 9 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 06-1968 M |
|---|---|
| Plaintiff, | ) |
|  | ) GOVERNMENT'S NOTICE OF REQUEST |
| v. | ) FOR DETENTION |
|  | ) |
| FRANCISCO OROZCO, | ) |
|  | ) |
| Defendant. | ) |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1. <u>Temporary 10-day Detention Requested (§ 3142(d))</u> <u>on the following grounds</u>:

        a. offense committed while defendant was on release pending (felony trial), (sentencing) (appeal) or on (probation) (parole);

        b. alien not lawfully admitted for permanent residence;

DOCKETED ON CM
NOV 20 2006

```
 1              ____    c.  flight risk;
 2              ____    d.  danger to community.
 3      _x_  2.  Pretrial Detention Requested (§ 3142(e)) because no
 4               condition or combination of conditions will
 5               reasonably assure against:
 6              _x_     a.  danger to any other person or the community;
 7              _x_     b.  flight.
 8           3.  Detention Requested Pending Supervised
 9               Release/Probation Revocation Hearing (Rules
10               32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
11              ____    a. Defendant cannot establish by clear and
12                         convincing evidence that he/she will not pose a
13                         danger to any other person or to the community;
14              ____    b. Defendant cannot establish by clear and
15                         convincing evidence that he/she will not flee.
16      _X_  4.  Presumptions Applicable to Pretrial Detention (18
17               U.S.C. § 3142(e)):
18              _X_     a.  Title 21 or Maritime Drug Law Enforcement Act
19                         ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense
20                         with 10-year or greater maximum penalty
21                         (presumption of danger to community and flight
22                         risk);
23              ____    b.  offense under 18 U.S.C. § 924(c) (firearm
24                         used/carried/possessed during/in relation to/in
25                         furtherance of crime), § 956(a), or § 2332b
26                         (presumption of danger to community and flight
27                         risk);
28
```

|   |   |   |
|---|---|---|
| ___ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ___ | d. | defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, AND defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |

___ 5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>:

___ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4));

___ b. an offense for which maximum sentence is life

imprisonment or death;

__X__ c. Title 21 or MDLEA offense with maximum sentence of ten years or more;

____ d. instant offense is felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present;

__X__ e. serious risk defendant will flee;

____ f. serious risk defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate witness or juror, or attempt to do so).

____ 6. Government requests continuance of _____ days for detention hearing based upon the following reason:

_____

_____

____ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

DATED: November 9, 2006

Respectfully submitted,

DEBRA WONG YANG
United States Attorney

/s/ Bonnie L. Hobbs
BONNIE L. HOBBS
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

4