UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 15 2004

at _____ o'clock and _____ min. _____ M.
WALTER A. Y. H. CHINN, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA ) | MAGIS. NO. 03 - 0032 LEK |
| ) | 03 - 0031 LEK |
| V. ) | APPLICATION AND AFFIDAVIT |
| ) | FOR ANTICIPATORY SEARCH |
| ) | WARRANT; APPLICATION FOR |
| 800 Kaiwiki Rd., Hilo, Hawaii ) | WARRANT AUTHORIZING |
| One (1) FedEx parcel ) | INSTALLATION AND MONITORING OF |
| ) | BEEPER |
| ) | |
| ) | |

### APPLICATION AND AFFIDAVIT FOR ANTICIPATORY SEARCH WARRANT

The undersigned person, after being duly sworn, deposes and says that there is reason to believe that:

On the premises/property described the appended Affidavit and attachments (which is hereinafter collectively referred-to as "Affidavit" and incorporated herein by reference), in the District of Hawaii,

There is or will be present in due course the property identified in the Affidavit, which is property that constitutes evidence of the commission of a criminal offense; contraband, the fruits of crime, or things otherwise criminally possessed; and property designed or intended for use or which is or has been used as the means of committing a criminal offense,

Concerning a violation of Title 21, United States Code, Sections 841(a)(1)/844(a).

The facts to support a finding of Probable Cause are set



EXHIBIT
C

forth in the attached Affidavit.

## APPLICATION FOR WARRANT AUTHORIZING
## INSTALLATION AND MONITORING OF BEEPER

The undersigned hereby applies to this Honorable Court for a
warrant allowing the installation and monitoring of an electronic
device, more commonly known as a "beeper," in the property
described as follows below:

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
**PROPERTY IN WHICH BEEPER TO BE INSTALLED:**
The parcel known as One (1) FedEx Overnight Express brown
cardboard box, measuring approximately 36" x 21" x 21", weighing
approximately 45 lbs. and sealed with clear packing tape, the
label on the parcel has a FedEx airbill bearing tracking number
791275222041 addressed from Francisco Orozco (818) 209-8769 to
Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii 96720 with a contact
number of (808) 989-3325,
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

(which property is hereinafter referred-to as the "subject
parcel"), for use as a device to indicate where the subject
parcel is located and when the subject parcel is opened after
delivery to the following premises:

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
**PREMISES TO WHICH SUBJECT PARCEL IS TO BE DELIVERED:**
The premises known as 800 Kaiwiki Road, Hilo, HI is a single
story residence, grey with white trim and a multi-colored tin
roof, and a red wall with yellow trim in front.  The number "800"
is printed on the mailbox which is posted on the left side of the
driveway on Kaiwiki Road, or any other location to which the
subject parcel may be transported (other than a law enforcement
agency, facility, or conveyance),
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

This Application is based upon the attached Agents
Affidavit, which is incorporated herein by reference and made a

2

part hereof and which establishes the probable cause to believe
the subject parcel contains controlled substances, which is
possessed in violation of Title 21, United States Code, Sections
841(a)(1) and 844(a), and that the monitoring of said beeper will
disclose the identity(ies) of the violator(s) and other evidence
of said violations by reflecting the location of the subject
parcel and when it is opened.

ORIGINAL SIGNED BY

**AFFIANT'S NAME:**     JACK WRIGHT
**AFFIANT'S POSITION:** Task Force Officer
**AFFIANT'S FEDERAL LAW**
**ENFORCEMENT AGENCY:** Drug Enforcement
                       Administration

Sworn to before me, and
subscribed in my presence:
January 15, 2003, at Honolulu, Hawaii.

NAME & TITLE OF JUDICIAL OFFICER:  LESLIE E. KOBAYASHI
                                   U.S. MAGISTRATE JUDGE

ORIGINAL SIGNED BY

JUDICIAL OFFICER'S SIGNATURE

3

## AFFIDAVIT OF JACK WRIGHT

JACK WRIGHT, after being duly sworn, deposes and says as follows:

1.  Attached hereto and incorporated herein by reference is a true and correct copy of the "Application and Affidavit for Search Warrant; Affidavit of Jack Wright" all of which will be filed in this Court on January 15, 2003 (hereinafter collectively referred-to as "First Affidavit"). The First Affidavit describes a FedEx Parcel which was described as follows:

    One (1) FedEx Overnight Express brown cardboard box, measuring approximately 36" x 21" x 21", weighing approximately 45 lbs. and sealed with clear packing tape, the label on the parcel has a FedEx airbill bearing tracking number 791275222041 addressed from Francisco Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii 96720 with a contact number of (808) 989-3325., (hereinafter referred to as the "subject parcel").

2.  As reported in the First Affidavit, I am currently assigned to the United States Drug Enforcement Administration (DEA) Hawaii Airport Task Force as a Task Force Officer at the Honolulu International Airport, HI. Through my training and experience as a law enforcement officer, I have become knowledgeable about the methodology utilzied in narcotics trafficking operations, the specific types of language used by narcotics traffickers to disguise their dealings, the unique trafficking patterns and modus operandi used by drug traffickers, and how the various drugs are abused.

3.  Based upon the attached First Affidavit, this Court issued a

warrant to search the subject parcel on January 14, 2003.

4.  During the warranted search thereof, a white powder
    substance within a heat sealed food saver plastic wrapping
    with a gross weight of approximately 994 grams that field
    tested positive for cocaine. Based upon my experience and
    training, possession of this quantity of cocaine is not
    consistent with personal use, but rather is more consistent
    with distribution.

5.  During the warranted search thereof, a white crystalline
    substance within a heat sealed food saver plastic wrapping
    with a gross weight of approximately 858 grams that field
    tested positive for methamphetamine. Based upon my
    experience and training, possession of this quantity of
    methamphetamine is not consistent with personal use, but
    rather is more consistent with distribution.

6.  The other, non-drug contents of the subject parcel included
    the following:

    A.  Exterior container:  One (1) FedEx Overnight Express
        brown cardboard box, measuring approximately 36" x 21"
        x 21", weighing approximately 45 lbs. and sealed with
        clear packing tape, the label on the parcel has a FedEx
        airbill bearing tracking number 791275222041 addressed
        from Francisco Orozco (818) 209-8769 to Mat Rubio, 800
        Kaiwiki Rd., Hilo, Hawaii 96720 with a contact number

2

of (808) 989-3325;

B.    Interior contents:

    (1)   Two blue coolers with white lids

    (2)   Twenty three articles of men's and women's clothing

    (3)   Twelve hair care products

    (4)   One case of sunglasses

    (5)   Foam peanut packing material

7.    The white interior lining of each of the blue coolers were removed and the bundle of cocaine and the bundle of methamphetamine was placed on the bottom of each cooler, respectively.  The interior linings were replaced and sealed with an adhesive concealing the contents within.  From my experience and training, I know that this type of packing is commonly used by narcotics traffickers to conceal the illicit contents of the parcel from discovery;

8.    The destination address of the subject parcel is more specifically described as follows:

The premises known as 800 Kaiwiki Road, Hilo, HI is a single story residence, grey with white trim and a multi-colored tin roof, and a red wall with yellow trim in front.  The number "800" is printed on the mailbox which is posted on the left side of the driveway on Kaiwiki Road, or any other location to which the subject parcel may be transported (other than a law enforcement agency, facility, or conveyance),

9.    FedEx has further advised that the normal procedure for the

3

subject parcel would be to make the delivery directly to the
destination address, that is, to that residence front door.
Furthermore, upon delivery, the addressee or other occupant
must also sign for the subject parcel.  In other words, the
subject parcel would have been on a "sure course" to the
designated delivery address.

WHEREFORE, based upon the foregoing, I believe that there is
probable cause to permit the installation of an electronic beeper
device (commonly known as a beeper) within the subject parcel to
indicate where said parcel is located and when it is opened,
which can assist in disclosing the identity(ies) of the
perpetrator(s) and other evidence pertinent to the shipping of
this subject parcel.

WHEREFORE, with respect to the anticipatory search warrant
for the subject premises known as 800 Kaiwiki Road, Hilo, HI, or
any other location to which the subject parcel may be transported
(other than a law enforcement agency, facility, or conveyance).
I believe that there is probable cause to believe that the
following articles are or will be present in due course at the
subject premises:

1.   One (1) FedEx Overnight Express brown cardboard box,
     measuring approximately 36" x 21" x 21", weighing
     approximately 45 lbs. and sealed with clear packing tape,

4

the label on the parcel has a FedEx airbill bearing tracking

number 791275222041 addressed from Francisco Orozco (818)

209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii 96720

with a contact number of (808) 989-3325;

2.    Two blue coolers with white lids

3.    Twenty three articles of men's and women's
      clothing

4.    Twelve hair care products

5.    One case of sunglasses

6.    Foam peanut packing material

7.    One electronic monitoring device (commonly known as a
      beeper);

8.    Items of personal property which tend to identify the

      person(s) in residence, occupancy, control or ownership of

      the premises that is the subject of this warrant, including

      but not limited to cancelled mail, deeds, leases, rental

      agreements, utility and telephone bills, statements, and

      identification documents.

      FURTHERMORE, in order to assure compliance with applicable

//

//

//

5

law, I further request that this Court condition the

effectiveness of this anticipatory search warrant upon the actual

delivery of the subject parcel to the subject premises.

     FURTHER AFFIANT SAYETH NAUGHT.

ORIGINAL SIGNED BY
_____
JACK WRIGHT

Subscribed and sworn to
before me, this 15th day
of January 2003.

     ORIGINAL SIGNED BY

_____
LESLIE E. KOBAYASHI
U.S. MAGISTRATE JUDGE



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

IN THE MATTER OF THE SEARCH   )    MAGIS. NO.
OF:   )
   )    APPLICATION AND AFFIDAVIT
FedEx Overnight Parcel   )    FOR SEARCH WARRANT
Tracking Number 791275222041   )
   )

---

## **APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

The undersigned person, after being duly sworn, deposes and says that there is reason to believe that in the properties described above as:

The parcel known as One (1) FedEx Overnight Express brown cardboard box, measuring approximately 36" x 21" x 21", weighing approximately 45 lbs. and sealed with clear packing tape, the label on the parcel has a FedEx airbill bearing tracking number 791275222041 addressed from Francisco Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii 96720 with a contact number of (808) 989-3325.

In the District of Hawaii, there is now concealed evidence properly identified in the Affidavit, which is property that constitutes evidence of the commission of a criminal offense; contraband, the fruits of crime, or things otherwise criminally possessed; and property designed or intended for use or which is or has been used as the means of committing a criminal offense,

Concerning a violation of Title 21, United States Code, Sections 841(a)(1) and 844. The facts to support a finding of Probable Cause are set forth in the attached Affidavit.

_____
JACK WRIGHT, Task Force Officer

Sworn to before me, and subscribed in my presence: January 14, 2003, at Honolulu, Hawaii.

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF HAWAII

## LIST OF ITEMS AUTHORIZED TO BE SEARCHED-FOR
## AND SEIZED PURSUANT TO FEDERAL SEARCH WARRANT

     1.   Controlled substances, to wit, heroin, cocaine, marijuana, methamphetamine or any other controlled substance held in violation of 21 U.S.C. 841(a)(1) and 844(a).

     2.   Items of personal property which tend to identify the person(s) in possession, custody, and control of the premises which is the subject of this warrant.

USA v. One Federal Express Parcel
Search Warrant on Written Affidavit,
USDC-Hawaii

## AFFIDAVIT OF JACK WRIGHT; Exhibit "A"

JACK WRIGHT, after being duly sworn, deposes and says as follows:

1. I have been a police officer employed by the City and County of Honolulu, State of Hawaii since October 17, 1996 and as such, I have received special training and experience in the field of narcotics, dangerous, detrimental, and other illicit drug investigations as follows:

   A. I have received in-service training and attended classes conducted by the Training Division of the Honolulu Police Department, the federal Drug Enforcement Administration and other related agencies, in the field of identification and investigations in regard to narcotics, dangerous, detrimental, and other illicit drug activities in the City and County of Honolulu, State of Hawaii;

   B. I have received formal education from Wayland Baptist University in Narcotics Vice Operations and investigations in regard to the illegal sale of narcotics and other illicit drugs;

   C. I have participated in more than 144 investigations involving narcotics and dangerous drug activities and transactions that resulted in the arrest of more than 104 individuals for narcotics and dangerous drug violations;

   D. I have personally participated in the execution of approximately 100 search warrants upon persons, premises,

vehicles, or containers for narcotics and dangerous drug
violations;

E.    I have been a member of the Regional Patrol Bureau,
District 8, Crime Reduction Unit of the Honolulu Police
Department for more than two (2) years and five (5)
months and has assisted in the investigation of
individuals for felony drug distribution;

F.    I have been a member of the Narcotics/Vice Division of
the Honolulu Police Department for more than two (2)
years;

G.    That those investigations resulted in the arrest of more
than eighty (80) individuals for possession of drugs;

H.    I have investigated and participated in narcotics
investigations in cooperation with other law enforcement
entities which included other Federal Law Enforcement
Agencies;

I.    I have investigated and participated in narcotics
investigations with other County Law Enforcement Agencies
in the State of Hawaii, as well as, Law Enforcement
Agencies of jurisdictions in parts of the mainland United
States;

J.    I have been a Task Force Officer (TFO) asssigned to the
Drug Enforcement Administration (DEA) as a member of the
Hawaii Airport Task Force (HATF), State of Hawaii, since
November 15, 2001;

2.   Based on my experience in the aforementioned narcotics
     investigations, paraphernalia were recovered in the majority
     of those investigations; and, that paraphernalia are commonly
     associated with the production, use, distribution, and storage
     of controlled substances;   That in the majority of those
     narcotics investigations, at least one of the following types
     of paraphernalia were recovered including, but not limited to:
     bowl pipes, heat sealing machines, plastic bags, butane
     torches, glass vials, razor blades, scales and other weighing
     devices, cutting agents, cigarette papers, vials, paper
     bindles, envelopes, and other closed containers where
     controlled substances may be stored or concealed;

3.   Based on my experience in the aforementioned narcotics
     investigations, in addition to paraphernalia, at least one of
     the following types of records of narcotics transactions were
     recovered in majority of those investigations; and, that
     records of narcotics transactions are commonly associated with
     the production, use, distribution and storage of controlled
     substances;   That in the majority of those narcotics
     investigations, at least one of the following types of records
     of narcotics transactions were recovered including, but not
     limited to: letters, lists, notes, personal telephone lists,
     photographs, books and documents of acquisition, possession,
     and/or distribution of controlled substances;

4.   In addition to paraphernalia and records of narcotics transactions, personal property tending to establish the identity of persons in control of premises, containers, vehicles, and/or storage areas, were also recovered in the majority of those narcotic investigations; In the majority of those narcotics investigations, at least one of the following types of personal property were recovered including, but not limited to: personal identification, bills, bank account statements, checks, diplomas, photographs, rental receipts, rental agreements, keys, clothing and documents tending to establish ownership of the premises, containers, vehicles, and/or storage areas;

5.   I have been aware that in this particular type of case in which controlled substances are being shipped via freight companies that waybills, airbills, bills of lading, receipts, delivery notices, and other shipping documentation from Federal Express, Mail Plus, and the like, indicates the shipment of packages and parcels to and from Hawaii and may also be recovered  because the subject parcel had affixed to it a Federal express label bearing the package tracking number, and other shipping information;

6.   I have been aware that wrapping, packaging and mailing materials such as cartons, wrapping paper, tape, and mailing labels, may also be recovered because the subject parcel was sealed with tape, and contained  several sheets of newspaper,

two types of plastic wrap, and a plastic bag;

7.   My  awareness  as  to  the  practices  of  these  drug
     traffickers/distributors  contained  within  this  affidavit,
     arise from the following:

     A.   My involvement in prior drug investigations and searches
          as a law enforcement officer;

     B.   My involvement in numerous debriefings of confidential
          informants, cooperating individuals, victim/witnesses; as
          well as, related information from other law enforcement
          officers who have engaged in similar debriefings of drug
          investigations; and,

     C.   Other intelligence information provided by other law
          enforcement agencies;

8.   This affidavit is submitted in application for a search
     warrant for the parcel known as One (1) FedEx Overnight
     Express brown cardboard box, measuring approximately 36" x 21"
     x 21", weighing approximately 45 lbs. and sealed with clear
     packing tape, the label on the parcel has a FedEx airbill
     bearing tracking number 791275222041 addressed from Francisco
     Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo,
     Hawaii  96720  with  a  contact  number  of  (808)  989-3325.
     Hereinafter refered to as the "Subject Parcel".

9.   On January 14, 2003, at about 11:00 a.m., TFO Damien Mendiola
     was contacted by Group Supervisor(GS) Frank Herbert of the
     Burbank Airport Narcotics Enforcement Team (BANET), regarding

a FedEx parcel that was outbound from Burbank, California to
Hilo, Hawaii;

10.  GS Herbert stated that on January 14, 2003, he and other
     members of BANET were at the FedEx Hub in Burbank, CA.,
     checking for suspicious incoming parcels. At about 7:40 a.m.,
     GS Herbert noticed a FedEx Priority Overnight parcel with a
     hand written airbill #837535955351, he noticed that the sender
     payed $65.00 cash to send the parcel. GS Herbert said that
     the recipient listed on the airbill was a Francisco Orozco
     with a listed telephone contact number of (818) 209-8769. GS
     Herbert made several calls to (818)209-8769 and came up with
     negative contact. GS Herbert seized this parcel from FedEx
     and proceeded with other officers of BANET to the address
     listed on the parcel which was 1710 W. Victory Blvd. #E,
     Burbank, CA 91706. Officers contacted OROZCO and obtained
     consent to search this parcel which resulted in the discovery
     of approximately $16,000.00 dollars in U.S. currency. The
     currency was secreted into the lining area of a small cooler
     that was filled with coffee. Orozco stated that the money was
     from the sale of vitamins and that the person that sent the
     money was one of his distributors;

11.  Officers obtained consent to search the apartment at 1710 W.
     Victory Blvd. #E, Burbank, CA 91706 that was occupied by
     Orozco. During a search of the residence two other FedEx air
     bills were discovered.  The first was FedEx air bill tracking

number 791272012594, addressed from Francisco Orozco (818)
209-8769 to Estephani Rosario, 178 Kaukolu Pk., Hilo Hawaii,
with a contact number of (808) 990 6348.   Furthermore, this
parcel weighed approximately 13 pounds and cost approximately
$103.00 dollars.    The second was FedEx air bill from the
Subject parcel bearing tracking number 791275222041 addressed
from Francisco Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki
Rd., Hilo, Hawaii with a contact number of (808) 989-3325;

12.  There were no narcotics located in Orozco's residence, however
     a narcotics detection canine alerted to a positive odor on the
     money in the cooler and during a sniff on the rear area of a
     vehicle that belonged to Orozco;

13.  On 01-14-2003, TFO Damien Mandiola advised SA Fourmy about the
     subject parcel. I learned the following from SA Fourmy. Agent
     Fourmy and Task Force Officer Steve Correia contacted the
     Federal Express Office manager in Hilo, HI.    The manager
     indicated that a Federal Express parcel with tracking number
     791275222041 would arrive at the Hilo Fedex Office by 2:30pm
     that day and would be held at the office instead of processed
     for delivery;

14.  At approximately 3:15 p.m., SA Fourmy and TFO Correia went to
     the Federal Express Office and recovered the subject parcel.
     The subject parcel was placed outside of the Federal Express
     building for a canine screening which was performed by Officer
     Paul Fukuda and his canine(see Exhibit A). The canine screened

the parcel without a positive alert. SA Fourmy transported the parcel to the Hawaii County Police Department. SA Fourmy weighed the parcel at the HCPD which weighed approximately 45 lbs. At the Hilo Vice Section of the HCPD, Officer Fukuda screened the parcel again utilizing the same canine as on the earlier screening. The canine in this instance, alerted positive for a controlled substance within the FedEx parcel;

15.  On 01-13-2003, the day prior to the subject parcel being sent, a HCPD Confidential Informant (CI-1) contacted TFO Correia and indicated that he/she had important drug related information. On 01-14-2003, CI-1 again contacted TFO Correia and indicated that he/she was able to provide important drug related information. On 01-14-2003, SA Fourmy and TFO Correia interviewed CI-1. CI-1 related that a female known to CI-1 as Denise MEJIA was expecting a load/shipment of crystal methamphetamine (ice) in the next day or two and that the ice was originating from the mainland. CI-1 was present when MEJIA contacted her source of supply via telephone and was present when MEJIA was packaging an estimated $20,000 as payment for the ice which would be delivered; this occured two days prior to CI-1 meeting with the police. CI-1 indicated that MEJIA was expecting a package to be delivered in the next few days or that someone would transport it to her in person. CI-1 indicated that the quantity of ice MEJIA was expecting was approximately one kilogram. CI-1 provided MEJIA's

telephone number as (808)989-3325. CI-1 indicated that he/she was the sole resident at 800 Kawiki Road, Hilo, HI. CI-1 indicated that MEJIA resides on the first street above Country Club road in Hilo and drives a Honda 4 door vehicle, gray/silver in color;

16.  On 01-14-2003, a HCPD Confidential Informant(CI-2) provided the following information regarding Denise MEJIA to Sergeant Norman Keamo. MEJIA paid Lani SILVA $1,000 for picking up a package addressed to Stefania ROSARIO (identified as MEJIA's mother)at 178 Kuakola, Hilo, HI 96720. This package arrived to that address on 01-09-2003 and contained approximately one kilogram of ice which was concealed inside of a cooler. CI-2 indicated that SILVA was not provided with specific information regarding the package or how it would be delivered but was paid $1,000 for accepting it. CI-2 indicated that MEJIA received the package from SILVA following delivery to SILVA's address. CI-2 indicated that MEJIA was expecting a package to be delivered to Matt Urubio, 800 Kaiwiki, Hilo, HI, the subject parcel's destination address, on 01-14-2003, and that this package would also be containing ice. Furthermore, it should me noted that the addressee of the subject parcel is Mat Rubio, which is similar to that of the information provided by CI-2. CI-2 indicated that the packages being sent to Mejia were sent by a person called Francisco Orozco aka Paco from Los Angeles, whom also resides in Hawaiian Acres on

the big island;

17.  That based upon the facts and circumstances contained in this affidavit, combined with your affiant's training and experience, your affiant believes that the object described within the parcel being requested to be searched contains drugs; I have believes that the manner in which subject parcel was shipped, the narcotics canine alert on the subject parcel further the large sum of money discovered in California; The information obtained from the CIs, a rush delivery date (priority overnight), is a typical method generally utilized by drug dealers and traffickers; that these drug dealers and traffickers normally misrepresent themselves by listing different addresses, identification, etc. on parcels; and therefore, has sufficient probable cause to request that a search warrant be issued;

WHEREFORE, I believe that based upon the information contained herein, probable cause exists to believe that the Subject Parcel contains contraband, in violation of Title 21, United States Code, 841(a)(1), of which the following articles are present within the subject parcel:

1.  Controlled substances, to wit, heroin, cocaine, marijuana, methamphetamine, or any other controlled substance held in violation of 21 U.S.C. 841(a)(1) and 844(a); and,

2.    Items of personal property which tend to identify the person(s) in possession, custody, and control of the premises which is the subject of this warrant.

FURTHER AFFIANT SAYETH NAUGHT.

JACK WRIGHT
~~Task~~ Force Officer

Subscribed and sworn to
before me this  14th  day
of January, 2003.

LESLIE E. KOBAYASHI
United States Magistrate Judge
District of Hawaii

## CERTIFICATION OF HANDLER AND CANINE "LI'I"

Paul M. FUKUDA, a Police Officer with the Hawaii Police Department, assigned
to the Vice section area I, and a Canine Handler since May 1999, is the Handler of "LI'I",
A Narcotic Detection Canine;

That Officer Paul M. FUKUDA has attended formal training classes conducted
by the Drug Enforcement Administration, U.S. Department of Justice, the California
Narcotic Officers Association, the Maui County Police Department and the Hawaii
County Police Department in the methods used by drug dealers in the processing and
distribution of narcotics, and in the study of drug identification and analysis of heroin,
LSD, methamphetamine, cocaine, barbiturates, marijuana and concentrated forms of
marijuana as well as other elements of drugs and the drug culture; that he has
participated in numerous drug arrests and raids, that Officer FUKUDA has also had
training in the use of the Becton-Dickinson Narcotics Identification System field test kit.

On December 9, 2001, Officer FUKUDA placed narcotic canine LI'I into
service via the standards and certification policies of the California Narcotic Canine
Association by certifying official MARK RISPOLI esq. Officer FUKUDA and canine
LI'I were certified as a team and were certified to find and identify the odor of marijuana,
cocaine, heroin, and methamphetamine. From December 3-11, 2001, Officer FUKUDA
and canine LI'I have participated in a narcotic detection handler's orientation course
consisting of sixty-four (64) hours of narcotic detection handler training, including but
not limited to, vehicle interdiction, building searches, luggage, parcel interdiction, open
area and buried searches.

That on December 09, 2002 Officer FUKUDA and narcotic canine Li'i underwent recertification test conducted by narcotic canine trainer OFFICER KELVIN FREITAS of the Hawaii County Police Department. During recertification Li'i was employed to search for and locate the odor samples of marijuana, cocaine, herion, and methamphetamine which were hidden by OFFICER FREITAS within and around buildings, vehicles, parcels, envelopes and open fields.

That canine Li'i's indication of a positive response or "alert" to an odor of narcotic which canine Li'i is trained to find includes, but is not limited to the following

    1. Intensity of focus and concentration on or towards a particular item or place;

    2. Increased sniffing behavior;

    3. Heightened animation;

    4. Sitting by the item or place emitting the scent of the narcotic odor.

That since being certified with Narcotic Canine "Li'i", Officer Paul M. FUKUDA has conducted routine maintenance training;

Prior to narcotic canine Li'i, Officer FUKUDA had in service narcotic canine "MALIA" at which time they underwent extensive narcotic canine detection/handling training between May 16, 1999 and June 23, 1999 on the Island of Maui. Narcotic canine "MALIA" was in service with Officer FUKUDA from May 16, 1999 until December 9, 2001.

That from May 1999, to June 1999, Officer Paul M. FUKUDA and Canine "Malia" attended a 200 hour narcotic handler training course, that was taught by Officer Todd WONG, Certified Canine Trainer, of the Maui Police Department; That during this

training period, canine "Malia" again was trained to detect the odor of marijuana, cocaine, herion, methamphetamine, and other controlled substances; That during this training period canine "Malia" was exposed to narcotics hidden in various containers, to include luggage, parcels, mail, cargo, buildings, and vehicles;

That upon completion of the narcotic handler trainer course in June 1999, Officer Paul M. FUKUDA, and Canine "Malia" were certified;