FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 5 2003

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

IN THE MATTER OF THE SEARCH    )    MAGIS. NO. 63-0030 LEK
OF:                            )
                               )    APPLICATION AND AFFIDAVIT
FedEx Overnight Parcel         )    FOR SEARCH WARRANT
Tracking Number 791275222041   )
                               )

_____

### APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

The undersigned person, after being duly sworn, deposes and says that there is reason to believe that in the properties described above as:

The parcel known as One (1) FedEx Overnight Express brown cardboard box, measuring approximately 36" x 21" x 21", weighing approximately 45 lbs. and sealed with clear packing tape, the label on the parcel has a FedEx airbill bearing tracking number 791275222041 addressed from Francisco Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii 96720 with a contact number of (808) 989-3325.

In the District of Hawaii, there is now concealed evidence properly identified in the Affidavit, which is property that constitutes evidence of the commission of a criminal offense; contraband, the fruits of crime, or things otherwise criminally possessed; and property designed or intended for use or which is or has been used as the means of committing a criminal offense,

Concerning a violation of Title 21, United States Code, Sections 841(a)(1) and 844. The facts to support a finding of Probable Cause are set forth in the attached Affidavit.

_____
ORIGINAL SIGNED BY
JACK WRIGHT, Task Force Officer

Sworn to before me, and subscribed in my presence: January 14, 2003, at Honolulu, Hawaii.
ORIGINAL SIGNED BY                    SEAL

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF HAWAII

GOVERNMENT EXHIBIT
5

SEALED

<u>**LIST OF ITEMS AUTHORIZED TO BE SEARCHED-FOR**</u>
<u>**AND SEIZED PURSUANT TO FEDERAL SEARCH WARRANT**</u>

1.   Controlled substances, to wit, heroin, cocaine, marijuana, methamphetamine or any other controlled substance held in violation of 21 U.S.C. 841(a)(1) and 844(a).

2.   Items of personal property which tend to identify the person(s) in possession, custody, and control of the premises which is the subject of this warrant.

USA v. One Federal Express Parcel
Search Warrant on Written Affidavit,
USDC-Hawaii

<u>AFFIDAVIT OF JACK WRIGHT; Exhibit "A"</u>

JACK WRIGHT, after being duly sworn, deposes and says as follows:

1.  I have been a police officer employed by the City and County of Honolulu, State of Hawaii since October 17, 1996 and as such, I have received special training and experience in the field of narcotics, dangerous, detrimental, and other illicit drug investigations as follows:

    A.  I have received in-service training and attended classes conducted by the Training Division of the Honolulu Police Department, the federal Drug Enforcement Administration and other related agencies, in the field of identification and investigations in regard to narcotics, dangerous, detrimental, and other illicit drug activities in the City and County of Honolulu, State of Hawaii;

    B.  I have received formal education from Wayland Baptist University in Narcotics Vice Operations and investigations in regard to the illegal sale of narcotics and other illicit drugs;

    C.  I have participated in more than 144 investigations involving narcotics and dangerous drug activities and transactions that resulted in the arrest of more than 104 individuals for narcotics and dangerous drug violations;

    D.  I have personally participated in the execution of approximately 100 search warrants upon persons, premises,

vehicles, or containers for narcotics and dangerous drug violations;

E.    I have been a member of the Regional Patrol Bureau, District 8, Crime Reduction Unit of the Honolulu Police Department for more than two (2) years and five (5) months and has assisted in the investigation of individuals for felony drug distribution;

F.    I have been a member of the Narcotics/Vice Division of the Honolulu Police Department for more than two (2) years;

G.    That those investigations resulted in the arrest of more than eighty (80) individuals for possession of drugs;

H.    I have investigated and participated in narcotics investigations in cooperation with other law enforcement entities which included other Federal Law Enforcement Agencies;

I.    I have investigated and participated in narcotics investigations with other County Law Enforcement Agencies in the State of Hawaii, as well as, Law Enforcement Agencies of jurisdictions in parts of the mainland United States;

J.    I have been a Task Force Officer (TFO) asssigned to the Drug Enforcement Administration (DEA) as a member of the Hawaii Airport Task Force (HATF), State of Hawaii, since November 15, 2001;

2.   Based on my experience in the aforementioned narcotics investigations, paraphernalia were recovered in the majority of those investigations; and, that paraphernalia are commonly associated with the production, use, distribution, and storage of controlled substances;  That in the majority of those narcotics investigations, at least one of the following types of paraphernalia were recovered including, but not limited to: bowl pipes, heat sealing machines, plastic bags, butane torches, glass vials, razor blades, scales and other weighing devices, cutting agents, cigarette papers, vials, paper bindles, envelopes, and other closed containers where controlled substances may be stored or concealed;

3.   Based on my experience in the aforementioned narcotics investigations, in addition to paraphernalia, at least one of the following types of records of narcotics transactions were recovered in majority of those investigations; and, that records of narcotics transactions are commonly associated with the production, use, distribution and storage of controlled substances;  That in the majority of those narcotics investigations, at least one of the following types of records of narcotics transactions were recovered including, but not limited to: letters, lists, notes, personal telephone lists, photographs, books and documents of acquisition, possession, and/or distribution of controlled substances;

4.  In addition to paraphernalia and records of narcotics transactions, personal property tending to establish the identity of persons in control of premises, containers, vehicles, and/or storage areas, were also recovered in the majority of those narcotic investigations; In the majority of those narcotics investigations, at least one of the following types of personal property were recovered including, but not limited to: personal identification, bills, bank account statements, checks, diplomas, photographs, rental receipts, rental agreements, keys, clothing and documents tending to establish ownership of the premises, containers, vehicles, and/or storage areas;

5.  I have been aware that in this particular type of case in which controlled substances are being shipped via freight companies that waybills, airbills, bills of lading, receipts, delivery notices, and other shipping documentation from Federal Express, Mail Plus, and the like, indicates the shipment of packages and parcels to and from Hawaii and may also be recovered  because the subject parcel had affixed to it a Federal express label bearing the package tracking number, and other shipping information;

6.  I have been aware that wrapping, packaging and mailing materials such as cartons, wrapping paper, tape, and mailing labels, may also be recovered because the subject parcel was sealed with tape, and contained  several sheets of newspaper,

two types of plastic wrap, and a plastic bag;

7.  My awareness as to the practices of these drug traffickers/distributors contained within this affidavit, arise from the following:

   A.  My involvement in prior drug investigations and searches as a law enforcement officer;

   B.  My involvement in numerous debriefings of confidential informants, cooperating individuals, victim/witnesses; as well as, related information from other law enforcement officers who have engaged in similar debriefings of drug investigations; and,

   C.  Other intelligence information provided by other law enforcement agencies;

8.  This affidavit is submitted in application for a search warrant for the parcel known as One (1) FedEx Overnight Express brown cardboard box, measuring approximately 36" x 21" x 21", weighing approximately 45 lbs. and sealed with clear packing tape, the label on the parcel has a FedEx airbill bearing tracking number 791275222041 addressed from Francisco Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii 96720 with a contact number of (808) 989-3325. Hereinafter refered to as the "Subject Parcel".

9.  On January 14, 2003, at about 11:00 a.m., TFO Damien Mendiola was contacted by Group Supervisor(GS) Frank Herbert of the Burbank Airport Narcotics Enforcement Team (BANET), regarding

a FedEx parcel that was outbound from Burbank, California to Hilo, Hawaii;

10.   GS Herbert stated that on January 14, 2003, he and other members of BANET were at the FedEx Hub in Burbank, CA., checking for suspicious incoming parcels. At about 7:40 a.m., GS Herbert noticed a FedEx Priority Overnight parcel with a hand written airbill #837535955351, he noticed that the sender payed $65.00 cash to send the parcel. GS Herbert said that the recipient listed on the airbill was a Francisco Orozco with a listed telephone contact number of (818) 209-8769. GS Herbert made several calls to (818)209-8769 and came up with negative contact. GS Herbert seized this parcel from FedEx and proceeded with other officers of BANET to the address listed on the parcel which was 1710 W. Victory Blvd. #E, Burbank, CA 91706. Officers contacted OROZCO and obtained consent to search this parcel which resulted in the discovery of approximately $16,000.00 dollars in U.S. currency. The currency was secreted into the lining area of a small cooler that was filled with coffee. Orozco stated that the money was from the sale of vitamins and that the person that sent the money was one of his distributors;

11.   Officers obtained consent to search the apartment at 1710 W. Victory Blvd. #E, Burbank, CA 91706 that was occupied by Orozco. During a search of the residence two other FedEx air bills were discovered. The first was FedEx air bill tracking

number 791272012594, addressed from Francisco Orozco (818) 209-8769 to Estephani Rosario, 178 Kaukolu Pk., Hilo Hawaii, with a contact number of (808) 990 6348. Furthermore, this parcel weighed approximately 13 pounds and cost approximately $103.00 dollars. The second was FedEx air bill from the Subject parcel bearing tracking number 791275222041 addressed from Francisco Orozco (818) 209-8769 to Mat Rubio, 800 Kaiwiki Rd., Hilo, Hawaii with a contact number of (808) 989-3325;

12. There were no narcotics located in Orozco's residence, however a narcotics detection canine alerted to a positive odor on the money in the cooler and during a sniff on the rear area of a vehicle that belonged to Orozco;

13. On 01-14-2003, TFO Damien Mandiola advised SA Fourmy about the subject parcel. I learned the following from SA Fourmy. Agent Fourmy and Task Force Officer Steve Correia contacted the Federal Express Office manager in Hilo, HI. The manager indicated that a Federal Express parcel with tracking number 791275222041 would arrive at the Hilo Fedex Office by 2:30pm that day and would be held at the office instead of processed for delivery;

14. At approximately 3:15 p.m., SA Fourmy and TFO Correia went to the Federal Express Office and recovered the subject parcel. The subject parcel was placed outside of the Federal Express building for a canine screening which was performed by Officer Paul Fukuda and his canine (see Exhibit A). The canine screened

the parcel without a positive alert.  SA Fourmy transported
the parcel to the Hawaii County Police Department.  SA Fourmy
weighed the parcel at the HCPD which weighed approximately 45
lbs.  At the Hilo Vice Section of the HCPD, Officer Fukuda
screened the parcel again utilizing the same canine as on the
earlier screening.  The canine in this instance, alerted
positive for a controlled substance within the FedEx parcel;

15.  On 01-13-2003, the day prior to the subject parcel being sent,
a HCPD Confidential Informant(CI-1) contacted TFO Correia and
indicated that he/she had important drug related information.
On 01-14-2003, CI-1 again contacted TFO Correia and indicated
that he/she was able to provide important drug related
information.  On 01-14-2003, SA Fourmy and TFO Correia
interviewed CI-1.  CI-1 related that a female known to CI-1 as
Denise MEJIA was expecting a load/shipment of crystal
methamphetamine(ice) in the next day or two and that the ice
was originating from the mainland.  CI-1 was present when
MEJIA contacted her source of supply via telephone and was
present when MEJIA was packaging an estimated $20,000 as
payment for the ice which would be delivered; this occured two
days prior to CI-1 meeting with the police.  CI-1 indicated
that MEJIA was expecting a package to be delivered in the next
few days or that someone would transport it to her in person.
CI-1 indicated that the quantity of ice MEJIA was expecting
was approximately one kilogram.  CI-1 provided MEJIA's

telephone number as (808)989-3325. CI-1 indicated that he/she was the sole resident at 800 Kawiki Road, Hilo, HI. CI-1 indicated that MEJIA resides on the first street above Country Club road in Hilo and drives a Honda 4 door vehicle, gray/silver in color;

16. On 01-14-2003, a HCPD Confidential Informant(CI-2) provided the following information regarding Denise MEJIA to Sergeant Norman Keamo. MEJIA paid Lani SILVA $1,000 for picking up a package addressed to Stefania ROSARIO (identified as MEJIA's mother)at 178 Kuakola, Hilo, HI 96720. This package arrived to that address on 01-09-2003 and contained approximately one kilogram of ice which was concealed inside of a cooler. CI-2 indicated that SILVA was not provided with specific information regarding the package or how it would be delivered but was paid $1,000 for accepting it. CI-2 indicated that MEJIA received the package from SILVA following delivery to SILVA's address. CI-2 indicated that MEJIA was expecting a package to be delivered to Matt Urubio, 800 Kaiwiki, Hilo, HI, the subject parcel's destination address, on 01-14-2003, and that this package would also be containing ice. Furthermore, it should me noted that the addressee of the subject parcel is Mat Rubio, which is similar to that of the information provided by CI-2. CI-2 indicated that the packages being sent to Mejia were sent by a person called Francisco Orozco aka Paco from Los Angeles, whom also resides in Hawaiian Acres on

the big island;

17.   That based upon the facts and circumstances contained in this affidavit, combined with your affiant's training and experience, your affiant believes that the object described within the parcel being requested to be searched contains drugs; I have believes that the manner in which subject parcel was shipped, the narcotics canine alert on the subject parcel further the large sum of money discovered in California; The information obtained from the CIs, a rush delivery date (priority overnight), is a typical method generally utilized by drug dealers and traffickers; that these drug dealers and traffickers normally misrepresent themselves by listing different addresses, identification, etc. on parcels; and therefore, has sufficient probable cause to request that a search warrant be issued;

WHEREFORE, I believe that based upon the information contained herein, probable cause exists to believe that the Subject Parcel contains contraband, in violation of Title 21, United States Code, 841(a)(1), of which the following articles are present within the subject parcel:

1.   Controlled substances, to wit, heroin, cocaine, marijuana, methamphetamine, or any other controlled substance held in violation of 21 U.S.C. 841(a)(1) and 844(a); and,

2.  Items of personal property which tend to identify the

    person(s) in possession, custody, and control of the

    premises which is the subject of this warrant.


FURTHER AFFIANT SAYETH NAUGHT.


ORIGINAL SIGNED BY
_____

JACK WRIGHT
Task Force Officer

Subscribed and sworn to
before me this  14th  day
of January, 2003.
    ORIGINAL SIGNED BY                SEAL
_____
LESLIE E. KOBAYASHI
United States Magistrate Judge
District of Hawaii



## CERTIFICATION OF HANDLER AND CANINE "LI'I"

Paul M. FUKUDA, a Police Officer with the Hawaii Police Department, assigned to the Vice section area I, and a Canine Handler since May 1999, is the Handler of "LI'I", A Narcotic Detection Canine;

That Officer Paul M. FUKUDA has attended formal training classes conducted by the Drug Enforcement Administration, U.S. Department of Justice, the California Narcotic Officers Association, the Maui County Police Department and the Hawaii County Police Department in the methods used by drug dealers in the processing and distribution of narcotics, and in the study of drug identification and analysis of heroin, LSD, methamphetamine, cocaine, barbiturates, marijuana and concentrated forms of marijuana as well as other elements of drugs and the drug culture; that he has participated in numerous drug arrests and raids, that Officer FUKUDA has also had training in the use of the Becton-Dickinson Narcotics Identification System field test kit.

On December 9, 2001, Officer FUKUDA placed narcotic canine LI'I into service via the standards and certification policies of the California Narcotic Canine Association by certifying official MARK RISPOLI esq. Officer FUKUDA and canine LI'I were certified as a team and were certified to find and identify the odor of marijuana, cocaine, heroin, and methamphetamine. From December 3-11, 2001, Officer FUKUDA and canine LI'I have participated in a narcotic detection handler's orientation course consisting of sixty-four (64) hours of narcotic detection handler training, including but not limited to, vehicle interdiction, building searches, luggage, parcel interdiction, open area and buried searches.

That on December 09,2002 Officer FUKUDA and narcotic canine Li'i underwent recertification test conducted by narcotic canine trainer OFFICER KELVIN FREITAS of the Hawaii County Police Department. During recertification Li'i was employed to search for and locate the odor samples of marijuana, cocaine, herion, and methamphetamine which were hidden by OFFICER FREITAS within and around buildings, vehicles, parcels, envelopes and open fields.

That canine Li'i's indication of a positive response or "alert" to an odor of narcotic which canine Li'i is trained to find includes, but is not limited to the following

1. Intensity of focus and concentration on or towards a particular item or place;

2. Increased sniffing behavior;

3. Heightened animation;

4. Sitting by the item or place emitting the scent of the narcotic odor.

That since being certified with Narcotic Canine "Li'i", Officer Paul M. FUKUDA has conducted routine maintenance training;

Prior to narcotic canine Li'i, Officer FUKUDA had in service narcotic canine "MALIA" at which time they underwent extensive narcotic canine detection/handling training between May 16, 1999 and June 23, 1999 on the Island of Maui. Narcotic canine "MALIA" was in service with Officer FUKUDA from May 16, 1999 until December 9, 2001.

That from May 1999, to June 1999, Officer Paul M. FUKUDA and Canine "Malia" attended a 200 hour narcotic handler training course. that was taught by Officer Todd WONG, Certified Canine Trainer, of the Maui Police Department; That during this

training period, canine "Malia" again was trained to detect the odor of marijuana, cocaine, herion, methamphetamine, and other controlled substances; That during this training period canine "Malia" was exposed to narcotics hidden in various containers, to include luggage, parcels, mail, cargo, buildings, and vehicles;

That upon completion of the narcotic handler trainer course in June 1999, Officer Paul M. FUKUDA, and Canine "Malia" were certified;

## RETURN ON SEARCH WARRANT

USA v. FedEx Parcel                                    Magis. #:    03-0030
                                                                    LEK

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
DATE WARRANT RECEIVED:              1-14-2003
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
DATE AND TIME WARRANT EXECUTED:    1-14-2003/10:00 p.m.
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH/AT:
FedEx Parcel

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE
WARRANT [Any additional pages attached to this Return are
incorporated herein by reference]:

1.    A white powder substance within a heat sealed food saver
      plastic wrapping with a gross weight of approximately 994
      grams that field tested positive for cocaine.

2.    A white crystalline substance within a heat sealed food
      saver plastic wrapping with a gross weight of approximately
      858 grams that field tested positive for methamphetamine.

3.    Two blue coolers with white lids


+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++


## CERTIFICATION

      I swear that this inventory is a true and detailed account
of the person or property taken on this warrant, to the best of
knowledge and belief.

Subscribed, Sworn to, and
Returned Before the Undersigned,    _____
on the Date set forth below.        AFFIANT


_____   _____
U.S. DISTRICT JUDGE OR               DATE
MAGISTRATE JUDGE