EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LORETTA SHEEHAN #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00197HG-04 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN RESPONSE TO |
| | ) | COURT'S QUESTION; |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| FRANCISCO OROZCO, (04) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN RESPONSE TO COURT'S QUESTION

The United States of America, through Assistant U.S. Attorney Loretta Sheehan, found one case in which a law enforcement agent removed a detained package from a mail facility, based upon reasonable suspicion of criminal activity, and delivered it to the addressee's residence to conduct a "knock and talk."  See United States v. Lakoskey, 462 F.3d 965 (8th Cir. 2006).  In Lakoskey, supra, a Postal Inspector, i.e. a member of the law enforcement arm of the United States Postal Service, saw

a suspicious parcel at the local mail sorting facility.  Id. at 968.  The Postal Inspector and three plain-clothed deputies from the Maricopa County Sheriff's Department removed the parcel from the ordinary mail delivery process to carry the parcel to the addressee's home for further investigation.  Id.  On appeal, the defendant challenged the initial seizure of his parcel, contending that its seizure was not supported by reasonable suspicion.  The Lakoskey Court affirmed the lower court's finding of reasonable suspicion, and approved the detention of the parcel by the Postal Inspector.  Id. at 977.  Central to the Lakoskey Court's approval of the detention based upon reasonable suspicion was the fact that the officer acted with "reasonable diligence" in her investigation, which included her personal delivery of the parcel.  Id.

The Ninth Circuit similarly has looked at whether officers act with reasonable diligence when detaining a parcel on less than probable cause.

In United States v. Aldaz, the Ninth Circuit approved the re-routing of four parcels from a remote Alaskan village to Anchorage, Alaska for a dog-sniff test.  United States v. Aldaz, 921 F.2d 227, 229 (9th Cir. 1990).  The Aldaz Court concluded that the rerouting the packages to Anchorage was justified based upon the postal inspector's articulable suspicion that the packages contained narcotics.  Id.

2

The Ninth Circuit also approved the removal of a mailed parcel to a police station for a dog-sniff test in United States v. England, 971 F.2d 419, 421 (9th Cir. 1992). Despite the physical removal of the parcel to a police station, the England Court found no seizure because it was "undisputed that the packages England mailed were not delayed by their detention." Id. Because there was no "meaningful interference" with the parcels, the England Court found no Fourth Amendment seizure. Id.; accord United States v. Brown, 884 F.2d 1309, 1311 (9th Cir. 1989)(diversion of checked suitcases from airline carrier to cargo hold area not a seizure because the "brief detention of his bags would have in no way interfered with his travel or frustrated his expectations with respect to his luggage. No seizure occurred.").

The concern with timely delivery of a parcel again was central in the Ninth Circuit's Fourth Amendment analysis in United States v. Hernandez, 313 F.3d 1206 (2002). The Hernandez Court held that "[e]ven if the initial seizure of a mailed package is based on reasonable suspicion, a prolonged detention is unreasonable under the Fourth Amendment." United States v. Hernandez, 313 F.3d at 1212. Although Hernandez claimed that her parcels were delayed 36 hours, the Hernandez Court found only a 7 hour delay, because the delay had to be measured, not by the time

that law enforcement held the parcels, but rather, by any delay in the time of delivery.  Id. at 1213.

Examination of these three cases shows that law enforcement can examine the exterior of parcels without reasonable suspicion.  They also can move these parcels to other locations without reasonable suspicion.  Finally, when they do move parcels, whether based upon reasonable suspicion or not, in order not to interfere with possessory interests, they must act with reasonable diligence, which does not unduly delay the delivery of the parcel.

In the instant case, by using the "knock and talk" procedure, the LA Impact Team acted with great diligence in their investigation, making sure that Defendant's possessory interests were not offended.  In that Detective Gomez suspected that cash was being mailed (in that they were examining incoming morning mail from Honolulu), a dog would not have alerted to the scent of narcotics.  That investigative technique would not have worked.  Other investigative techniques, such as surveillance or use of wiretaps, would have taken too long to coordinate.  A quick, consensual "knock and talk" was, by far, the most effective and

//

//

least invasive law enforcement technique available to the LA Impact Team at that time.

        DATED: April 12, 2007, at Honolulu, Hawaii.

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii


                              By <u>/s/ Loretta Sheehan</u>
                                 LORETTA SHEEHAN
                                 Assistant U.S. Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

Barry Edwards        barrydedwards@gmail.com     April 12, 2007


DATED: April 12, 2007, at Honolulu, Hawaii.


/s/ M. Derby-Taufa'asau