EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

LORETTA SHEEHAN #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-mail: loretta.sheehan@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 3 0 2007

at _____ o'clock and _____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 04-197-04 HG |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | Date:  April 30, 2007 |
| | Time:  2:30 p.m. |
| FRANCISCO OROZCO, | Judge:  Kevin S.C. Chang |
| a.k.a. "Paco,"      (04) | |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, FRANCISCO OROZCO, a.k.a. "Paco," and his attorney, Barry Edwards, Esq., have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the First Superseding Indictment with violating Title 21, United States Code, Sections 841(a)(1) and 846.

2.    Defendant has read the charges against him contained in the First Superseding Indictment, and those charges have been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    Pursuant to Rule 11(a)(2), Defendant will enter a voluntary conditional plea of guilty to Count 1 the First Superseding Indictment charging him with conspiring to distribute, and to possess with the intent to distribute, fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, reserving his right to appeal the denial of his Motion to Suppress Evidence, filed March 20, 2007. The United States agrees to move to dismiss the remaining counts of the First Superseding Indictment as to Defendant after sentencing. Defendant realizes, however, that the conduct which forms the basis of the underlying counts may be considered and used by the Court at sentencing.

5.    If the Defendant prevails on direct appeal in the United States Court of Appeals for the Ninth Circuit or upon a direct review of the same pretrial motion in the Supreme Court of

the United States, he shall be entitled to withdraw his plea of guilty. These conditions do not apply to collateral attacks on the Court's judgement, such as those filed pursuant to Title 28, United States Code, Section 2255, or appellate proceedings generated by collateral attacks.

6. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7. Defendant enters this plea because he is in fact guilty of agreeing with Jubilee Logan, a.k.a. "Dreammaker," Denise Mejia, a.k.a. "Baby Doll," David L. Akana, a.k.a. "Kawika," and "Uncle," and others, to distribute and to possess with the intent to distribute, fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, as charged in Count 1 of the First Superseding Indictment, and agrees that this plea is voluntary and not the result of force or threats.

8. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

a. a term of imprisonment which may not be less than 10 years or more than life;

3

b.   a fine of up to $4,000,000;

c.   a term of supervised release which may not be less than 5 years or more than life;

d.   at the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

4

9. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. By about June of 2002, the Defendant was working with Jubilee Logan, a.k.a. "Dreammaker," David L. Akana, a.k.a. "Kawika," and "Uncle," and Denise Mejia, a.k.a. "Baby Doll," to distribute, and to possess with the intent to distribute, fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance throughout the Big Island of Hawaii, within the District of Hawaii.

b. In late 2002, Defendant, in California, or third parties on Defendant's behalf, mailed parcels packed with methamphetamine and/or cocaine, to Logan and Mejia in Hawaii, or to others who accepted the parcels on Logan's or Mejia's behalf, also in Hawaii. Once the parcel reached Mejia and Logan, Logan confirmed with Defendant, via telephone, that the parcels had arrived. Logan and Mejia re-packaged Defendant's cocaine and methamphetamine for re-distribution throughout the Big Island at Logan's home. Logan further delivered Akana's portion for

distribution to Akana in Pahoa, Hawaii, and picked up drug proceeds from Akana. Logan shipped drug proceeds gathered from his own sales, from Mejia's sales, and from Akana's sales, in the bottom of Coleman coolers from the Big Island to Defendant in California.

c. In furtherance of the conspiracy, on or about January 13, 2003, in the District of Hawaii, Logan mailed, via Federal Express, a cooler containing $13,900 in drug proceeds, to Defendant. Logan heat-sealed and shrunk-wrapped the cash, and wrote the names "kawika," "babydoll," and "dreammaker," on each package of cash, to indicate the source of the drug proceeds. Logan also sent a pay/owe sheet, indicating the amounts which were being sent, and which were still owed, by David L. Akana, a.k.a. "Kawika," and "Uncle," by Denise Mejia, a.k.a. "Baby Doll," and by himself, a.k.a. "Dreammaker." This parcel was interdicted, searched, and seized by the Los Angeles Interagency Metropolitan Police Apprehension Crime Task Force (LA IMPACT) on January 14, 2003 at Defendant's home.

d. Also in furtherance of the conspiracy, on or about January 13, 2003, Defendant shipped a parcel containing 839.2 grams of methamphetamine, its salts, isomers, and salts of its isomers, i.e. "actual" methamphetamine, and 977.0 grams of cocaine, its salts, optical and geometric isomers, and salts of its isomers to a "Mat Rubio" at 800 Kaiwiki Road, Hilo, Hawaii.

"Mat Rubio" was a third party who had agreed to accept the parcel on behalf of Mejia.

e.  Defendant agrees that at least 839.2 grams of methamphetamine, its salts, isomers, and salts of its isomers, i.e. "actual" methamphetamine, and 977.0 grams of cocaine, its salts, optical and geometric isomers, and salts of its isomers was knowingly within the scope of his agreement with Logan, Mejia, Akana, and others, and that he is responsible for at least that amount of methamphetamine and cocaine.

10.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.

7

The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

12. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined

in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge his sentence in a collateral attack.

c. Defendant also retains the right to appeal the matter noted in paragraph 4:  the denial of his Motion to Suppress Evidence, filed March 20, 2007..

d.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence will be guided by the provisions of the advisory Sentencing Guidelines.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or

the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be

10

conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

   b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

   c.   If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

   d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.   Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, Defendant could present witnesses and other evidence on his own behalf.   If the witnesses

11

for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

       e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

       f.  At a trial, the Defendant would have a right to have the jury determine, beyond a reasonable doubt, the drug type and quantity charged in the First Superseding Indictment.

       17.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

       18.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

//

//

//

//

//

//

//

12

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii, April 30, 2007 .

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FRANCISCO OROZCO
Defendant


FLORENCE T. NAKAKUNI
Chief, Narcotics Section

BARRY EDWARDS, ESQ.
Attorney for Defendant


LORETTA SHEEHAN
Assistant U.S. Attorney


13